NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3308

RONALD R. BRUNSON,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: February 14, 2005

_____

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Ronald R. Brunson appeals the decision of the Merit System Protection Board, which affirmed the Department of Justice's decision denying him enhanced retirement credit. Brunson v. Dep't of Justice, No. AT-0831-03-0219-I-1 (Mar. 24, 2004). We affirm.

## BACKGROUND

Mr. Brunson worked as a special agent with the Internal Revenue Service for more than 17 years. During his tenure as a special agent, Mr. Brunson received law

enforcement officer (LEO) retirement credit under the Civil Service Retirement System. Under that system, an employee who has completed 20 years of service as a law enforcement officer is eligible to receive an annuity upon reaching age 50. 5 U.S.C. § 8336(c)(1). Mr. Brunson resigned from his job as a special agent on November 30, 1990. He was subsequently appointed as a paralegal specialist with the Department of Justice on December 2, 1990. On December 5, 1990, he became a Special Assistant United States Attorney (SAUSA), later becoming an Assistant United States Attorney (AUSA). For a period of time during his tenure as an AUSA, Mr. Brunson was also appointed as a Special Deputy United States Marshal. Mr. Brunson obtained that position so that he could lawfully carry a firearm to protect himself and his family from threats related to his work as an AUSA.

Mr. Brunson's positions with the United States Attorney's office were not approved as either primary or secondary LEO service positions. Even if an employee does not occupy a position designated as a primary or secondary LEO service position, the employee may request that his agency approve his particular service for LEO credit. 5 C.F.R. § 831.906(b). Absent certain circumstances, however, credit for past service may not be granted for any period more than one year prior to the date the agency receives the employee's request. 5 C.F.R. § 831.906(e).

Mr. Brunson asked the Department of Justice to approve his service as an AUSA for LEO credit. After the Department refused that request, Mr. Brunson appealed to the Merit Systems Protection Board. An administrative judge who was assigned to the case upheld the Department's decision. The administrative judge held that Mr. Brunson's SAUSA and AUSA positions did not qualify as either primary or secondary LEO

positions.  The full Board denied a petition for review.  Mr. Brunson petitions this court for review of the Board's decision.

## DISCUSSION

1.  Mr. Brunson's principal argument on appeal is that his position as an AUSA counts as a primary LEO service position and entitles him to an additional year of LEO retirement credit.  Under the Civil Service Retirement System, the duties of a primary LEO position consist primarily of the investigation, apprehension, or detention of individuals suspected or convicted of federal criminal offenses.  5 U.S.C. § 8331(20).  In determining whether an employee is entitled to LEO retirement coverage, we have looked to the specific duties performed by the employee and have placed special emphasis on the reasons the employee's position exists.  See Watson v. Dep't of the Navy, 262 F.3d 1292, 1299 (Fed. Cir. 2001).

In this case, the Board found that neither Mr. Brunson's actual duties nor the reasons for the existence of the AUSA position rendered that position a primary LEO position.  For example, the Board considered Mr. Brunson's Performance Work Plan and Appraisal Record, which listed five "Critical Performance Elements," including legal writing and research, case development, and case resolution.  The Board found that the Work Plan illustrated that Mr. Brunson's typical duties involved carrying on the work of a lawyer, such as "identifying and resolving legal issues" or "engaging in courtroom practice."  The Board found that those activities were much different from typical LEO duties, which include executing arrest or search warrants, conducting surveillance, or controlling informants.  Additionally, the Board found that there was no maximum entry or retirement age for an AUSA and no formal requirement that an AUSA maintain a

level of fitness. These facts weigh especially heavily against finding that an AUSA is entitled to LEO retirement credit, because the purpose of the enhanced LEO retirement scheme is to make sure that LEO positions are "composed, insofar as possible of young men and women physically capable of meeting the vigorous demands of occupations which are far more taxing physically than most in the federal service." S. Rep. No. 93-948, at 2 (1974), reprinted in 1974 U.S.C.C.A.N. 3698, 3699. Finally, the Board found that the evidence showed that "the essential purpose of the AUSA position is, unsurprisingly, the successful litigation of criminal cases." That purpose does not include the direct investigation, apprehension, or detention of individuals suspected or convicted of federal criminal offenses.

Mr. Brunson argues on appeal that the Board failed to follow its "position-oriented approach" to determining eligibility for LEO credit. This contention is refuted by the Board's opinion, which engaged in a thorough review of Mr. Brunson's job and activities. Moreover, Mr. Brunson provides no support for his contention that the Board's analysis should have been confined to considering only published job descriptions.

Mr. Brunson further contends that the Board ignored facts in making its determination, such as the mission statement of the United States Attorney's office, which is "to enforce the criminal laws of the United States." Although the Board clearly understood the important function that AUSAs serve in prosecuting criminals, it nonetheless found that an AUSA is not immediately involved in the process of criminal investigation and arrest. Therefore, the Board had a firm basis for concluding that an AUSA is ineligible for LEO credit.

2. Mr. Brunson next contends that he is eligible for LEO retirement credit because of his cross-designation as a Special Deputy United States Marshal. He has failed to show, however, that his cross-designation resulted in his performing duties that consisted primarily of the investigation, apprehension, or detention of individuals suspected or convicted of federal criminal offenses. To the contrary, it appears that the only effect of his cross-designation was to authorize him to carry a gun in the course of performing the duties of his position as an AUSA. In sum, we agree with the Board that Mr. Brunson's position as an AUSA does not count as a primary LEO position, even though while serving in that position he was cross-designated as a Special Deputy United States Marshal.

3. Mr. Brunson argues that even if his position as an AUSA does not count as a primary LEO position for purposes of determining LEO retirement credit, his job as an AUSA should count as a secondary LEO position. Secondary LEO positions encompass jobs in law enforcement that are either supervisory or administrative. 5 C.F.R. § 831.902. However, an employee in a secondary LEO position is eligible for LEO retirement credit only if he transferred directly from a primary LEO position. Under the regulations, a direct transfer requires that the break in service not exceed three days. 5 C.F.R. § 831.904. In this case, Mr. Brunson argues that as an AUSA he supervises primary LEOs, such as agents of the Federal Bureau of Investigation. That supervision, he argues, places his job in the category of a secondary LEO position. The Board properly rejected that argument because there is no formal supervisory relationship between AUSAs and Bureau agents. Those agents work with AUSAs, but their supervisors are employees of the Bureau. In addition, the Board found that Mr.

Brunson left his primary LEO position as a Special Agent with the IRS on November 30, 1990. He did not assume the position of SAUSA until five days later, meanwhile serving as a paralegal specialist with the U.S. Attorney's office. Because Mr. Brunson has not presented any evidence that his role as a paralegal specialist counted as a secondary LEO position and because there were more than three days between the date he left his job with the IRS and the date he began working as an SAUSA, he is prohibited from counting his positions as an SAUSA and an AUSA as a secondary LEO positions.

4. Mr. Brunson further argues that the Board misinterpreted the requirements of 5 C.F.R. 831.906(e), the regulation that governs the grant of LEO credit for past work. That regulation states that "coverage in a position or credit for past service will not be granted for a period greater than 1 year prior to the date that the request from an individual is received." Id. Mr. Brunson argues that the regulation does not specify which of the employee's past service may be credited to the employee for purposes of retirement. Instead, he contends, the regulation merely establishes a cap on the total amount of retirement credit that is available to the employee. Therefore, he argues, the Board should have considered his entire career in awarding him LEO retirement credit, even if the Board could only grant one year of total credit. That is a very strained reading of the regulation. Instead, the regulation clearly contemplates that the employee's service within the "1 year prior" to the date of the request will be evaluated in determining whether LEO retirement credit attaches. Therefore, it is Mr. Brunson's work as an AUSA in the one year prior to his request for retirement credit that is material, not his entire career.

5.   Finally, we have considered Mr. Brunson's arguments based on equity, and we find that they are without merit.  The LEO statute and regulations strictly define the criteria of eligibility for LEO retirement credit.  Neither the Board nor this court may alter the strict legal requirements of eligibility because of the perceived equities of a particular case.  Accordingly, we uphold the Board's decision rejecting Mr. Brunson's appeal.